UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-24052- JEM

NATIONAL CASUALTY COMPANY, a
Wisconsin Corporation,

      Plaintiff,

vs.

UNITED STATES ADULT SOCCER
ASSOCIATION, INC. a Tennessee
Corporation, MIGUEL MESA, an individual,
MIAMI UNITED SOCCER CLUB, LLC., a
Florida Limited Liability Company,
ROBERTO SACCA, an individual, and
RUBEN QUETGLAS, an individual,

      Defendants.

_____/

**DEFENDANTS UNITED STATES ADULT SOCCER ASSOCIATION, INC.'S; MIGUEL MESA'S; MIAMI UNITED SOCCER CLUB, LLC'S; AND ROBERTO SACCA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF NATIONAL CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

      Defendants United States Adult Soccer Association, Inc. ("USASA"); Miguel Mesa ("Mesa"); Miami United Soccer Club, LLC ("Miami United"); and Roberto Sacca ("Sacca"), (collectively referred to herein as the "Association Defendants"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, serve their answer and affirmative defenses to Plaintiff National Casualty Company's complaint for declaratory relief and state as follows:

**ANSWER**

      1.    The Association Defendants are without knowledge of the truthfulness of the allegations contained in this paragraph.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

2.      The Association Defendants admit the allegations contained in this paragraph.

3.      The Association Defendants admit the allegations contained in this paragraph.

4.      The Association Defendants admit the allegations contained in this paragraph.

5.      The Association Defendants admit the allegations contained in this paragraph.

6.      The Association Defendants are without knowledge of the truthfulness of the allegations contained in this paragraph.

7.      The Association Defendants admit that this Court has jurisdiction over this matter.

8.      The Association Defendants admit that venue is proper in the Southern District of Florida.

9.      The Association Defendants admit that Plaintiff has filed a claim for declaratory relief.  The Association Defendants deny that Plaintiff is entitled to the relief that it seeks.

10.      The Association Defendants admit that Plaintiff has filed a claim for declaratory relief.  The Association Defendants deny that Plaintiff is entitled to the relief that it seeks.

11.      The Association Defendants admit the allegations contained in this paragraph.

12.      The Association Defendants admit the allegations contained in this paragraph.

13.      To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

2

14.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

15.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

16.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

17.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather

than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

18.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

19.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

20.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

21.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

22.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

23.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628  │  Facsimile:  305-444-6627

complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

24. To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

25. To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

26. To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

27.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

28.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

29.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

30.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

31.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

32.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

33.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

34.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

35.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

36.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

37.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

38.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

39.     To the extent Plaintiff is repeating the allegations in the amended complaint filed in the underlying action, the Association Defendants refer to the amended complaint itself, rather than Plaintiff's paraphrased summary, as the best evidence of the amended complaint's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the amended complaint, the Association Defendants deny Plaintiff's characterization of the amended complaint's content and state that the precise language of the amended complaint, as an exhibit to Plaintiff's complaint, should govern.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

40.     The Association Defendants' admit that Plaintiff had a waiver form.

41.     The Association Defendants admit that the form Mr. Quetglas signed was not technically the same form issued by National Casualty but deny that the form Mr. Quetglas signed is substantively different from or provides any substantive additional protections, benefits or rights to Plaintiff; therefore, the form Mr. Quetglas signed should be considered the equivalent to National Casualty's waiver thereby resulting in substantial compliance by the Association Defendants with respect to the waiver provision in the policies and endorsements at issue, and National Casualty was not and has not been prejudiced by the use of the waiver signed by Mr. Quetglas.

42.     The Association Defendants admit the allegations in this paragraph.

43.     The Association Defendants admit the allegations in this paragraph.

44.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

45.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ⎮ Facsimile:  305-444-6627

policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

46.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

47.     To the extent Plaintiff is repeating the allegations in the referenced policy and endoersements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

48.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 │ Facsimile:  305-444-6627

49.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

50.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

51.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

52.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather

than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

53.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

54.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

55.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ┃ Facsimile:  305-444-6627

policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

56.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

57.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

58.    The Association Defendants adopt and reallege all responses to paragraphs 1-57 of Plaintiff's complaint.

59.    The Association Defendants deny that any actual, present or existing controversy exists with respect to Plaintiff's obligations under either the primary policy or excess policy and state that Plaintiff has a clear duty to defend and indemnify the Association Defendants in the underlying lawsuit brought against them by Mr. Quetglas.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ┃ Facsimile:  305-444-6627

60.     The Association Defendants admit that Plaintiff is seeking declaratory relief but deny that any actual, present or existing controversy exists with respect to Plaintiff's obligations under either the primary policy or excess policy and state that Plaintiff has a clear duty to defend and indemnify the Association Defendants in the underlying lawsuit brought against them by Mr. Quetglas.

61.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

62.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

63.     The Association Defendants deny the allegations in this paragraph.

64.     The Association Defendants deny the allegations in this paragraph.

65.     The Association Defendants deny the allegations in this paragraph.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ┃ Facsimile:  305-444-6627

21

66.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

67.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

68.     The Association Defendants' admit that Plaintiff had a waiver form.

69.     The Association Defendants admit that the form Mr. Quetglas signed was not technically the same form issued by National Casualty but deny that the form Mr. Quetglas signed is substantively different from or provides any substantive additional protections, benefits or rights to Plaintiff; therefore, the form Mr. Quetglas signed should be considered the equivalent to National Casualty's waiver thereby resulting in substantial compliance by the Association Defendants with respect to the waiver provision in the policies at issue, and National Casualty was not and has not been prejudiced by the use of the waiver signed by Mr. Quetglas.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ⏐ Facsimile:  305-444-6627

70.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

71.     The Association Defendants admit that the form Mr. Quetglas signed was not technically the same form issued by National Casualty but deny that the form Mr. Quetglas signed is substantively different from or provides any substantive additional protections, benefits or rights to Plaintiff; therefore, the form Mr. Quetglas signed should be considered the equivalent to National Casualty's waiver thereby resulting in substantial compliance by the Association Defendants with respect to the waiver provision in the policies at issue, and National Casualty was not and has not been prejudiced by the use of the waiver signed by Mr. Quetglas.  The Association Defendants deny Plaintiff's allegation that this was not an "isolated incident".

72.     The Association Defendants deny the allegations in this paragraph and demand strict proof thereof.

73.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ┃ Facsimile:  305-444-6627

policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

74.    The Association Defendants deny the allegations in this paragraph.

75.    The Association Defendants deny knowledge as to what Plaintiff understands and state that Mr. Quetglas was not a "player" as defined under any insuring agreement and, therefore, no requirement to obtain participant accident insurance existed.

76.    The Association Defendants admit no participant accident insurance was in force because Mr. Quetglas was not a "player" as defined under any insuring agreement and, therefore, no requirement to obtain participant accident insurance existed.

77.    The Association Defendants deny the allegations in this paragraph and demand strict proof thereof.

78.    The Association Defendants deny the allegations in this paragraph and demand strict proof thereof.

79.    The Association Defendants deny the allegations in this paragraph and demand strict proof thereof.

80.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

81.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

82.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

83.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

84.     To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather

than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

85.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

86.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

87.    To the extent Plaintiff is repeating the allegations in the referenced policy and endorsements, the Association Defendants refer to the policy and endorsement themselves, rather than Plaintiff's paraphrased summary, as the best evidence of the policy's and endorsement's contents. To the extent Plaintiff mischaracterizes or otherwise misstates the contents of the

policy and endorsements, the Association Defendants deny Plaintiff's characterization of the policy's and endorsement's contents and state that the precise language of the policy and endorsements, as exhibits to Plaintiff's complaint, should govern.

88.     The Association Defendants deny the allegations in this paragraph and demand strict proof thereof.

89.     No specific allegations are raised in this paragraph; therefore, no response is required.  To the extent Plaintiff attempts to circumvent its obligation to provide coverage to the Association Defendants on some ground not identified in the complaint, Plaintiff is barred from doing so based on its failure to timely raise any additional coverage defense.

## **GENERAL DENIAL**

The Association Defendants deny all allegations in the complaint not expressly admitted herein, including those contained in the "Wherefore" clause and denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause or elsewhere in the complaint.

## **AFFIRMATIVE DEFENSES**

1.     National Casualty has failed to state a valid cause of action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* or Federal Rule of Civil Procedure 57.  National Casualty owes coverage and a duty to defend the Association Defendants under its Primary Policy based on the allegations of Mr. Quetglas's underlying complaint and based on the actual facts surrounding Mr. Quetglas's incident.  National Casualty's indemnity obligations under its Excess Policy are not triggered until the exhaustion of the policy limits of the Primary Policy (which has not yet occurred), and National Casualty's duty to indemnify depends on facts which have not yet been established in the Underlying Lawsuit; thus, no ripe or actual case or controversy exists under the Declaratory Judgment Act.

22

2.      National Casualty may not circumvent its obligations under its policies because the Primary and Excess Policy provisions upon which National Union bases its request for declaratory relief in this action are subject to more than one reasonable interpretation and, therefore, are ambiguous and unenforceable as they must be construed against National Casualty.

3.      The Association Defendants have complied, or at least substantially complied with all conditions precedent necessary to invoke coverage under the Primary Policy and Excess Policy, as required under applicable law.

4.      The use of the waiver Mr. Quetglas signed was an "isolated occurrence" as more than 250,000 individuals play under the USASA and Plaintiff has identified only one occasion (Mr. Quetglas) when the precise National Casualty waiver was not used.

5.      The waiver Mr. Quetglas signed is legal and enforceable and confers the same rights and benefits on National Union as the waiver National Union suggested to be used; therefore, the use of the waiver Mr. Quetglas signed satisfies the Association Defendants' obligations under the policies and endorsements at issue.

6.      Mr. Quetglas was not a "player" as defined by the policies and endorsements at issue; therefore, no obligation to obtain participant accident insurance existed and National Casualty may not deny or limit coverage by misclassifying him as such.

7.      National Union is barred from denying coverage based on the doctrines of waiver and estoppel.

8.      Mr. Quetglas was not a "participant" as defined under the policies and endorsements; therefore, National Casualty may not deny or limit coverage by misclassifying him as such.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 ┃ Facsimile:  305-444-6627

9.      Mr. Quetglas was not injured in a "restricted area" as defined under the policies and endorsements; therefore, National Casualty may not deny or limit coverage by misclassifying him as such.

The Association Defendants reserve the right to amend their Affirmative Defenses as discovery progresses.

## **DEMAND FOR JURY TRIAL**

The Association Defendants demand trial by jury on all matters so triable.

Respectfully submitted,
**HUDSON & CALLEJA, LLC**
Counsel for the Association Defendants
355 Alhambra Circle
Suite 801
Coral Gables, Florida 33134
Telephone: (305) 444-6628
Facsimile:  (305) 444-6627
E-mail:  rhudson@hudsoncalleja.com

By:/s/ROBERT W. HUDSON
**ROBERT W. HUDSON**
Florida Bar No.:  993875

CASE NO. 1:15-cv-24052- JEM

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2016, I electronically filed the foregoing document with

the Clerk of the Courts using CM/ECF.  I also certify that the foregoing document is being served

this day on all counsel of record or pro se parties identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing:

PATRICIA A. MCLEAN, ESQ.
patricia.mclean@phelps.com
JUSTIN N. SHINDORE, ESQ.
justin.shindore@phelps.com
JONATHAN E. LEWERENZ, ESQ.
jonathan.lewerenz@phelps.com
PHELPS DUNBAR LLP
*Counsel for Plaintiff National Casualty Company*
100 South Ashley Drive, Suite 1900
Tampa, FL 33602

R. HUGH LUMPKIN, ESQ.
rlumpkin@vpl-law.com
CHRISTOPHER T. KUBELA, ESQ.
ckuleba@vpl-law.com
VER PLOEG & LUMPKIN, P.A.
*Counsel for Ruben Quetglas*
100 S.E. 2nd Street – 30th Floor
Miami, FL 33131-2151

By: /s/ROBERT W. HUDSON
**ROBERT W. HUDSON**
Florida Bar No.:  993875

25