UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 15-24052-CIV-MARTINEZ/GOODMAN**

NATIONAL CASUALTY COMPANY,

    Plaintiff,

v.

UNITED STATES ADULT SOCCER
ASSOCIATION, INC., et al.,

    Defendants.
_____/

**POST-DISCOVERY HEARING ADMINISTRATIVE ORDER**

The Defendants filed two Notices of Hearing [ECF Nos. 31; 32] setting a Discovery Hearing before the Undersigned concerning numerous discovery disputes. The Court held a hearing on July 8, 2016 to address the issues.[1] [ECF No. 35]. The District Court referred all discovery matters to the Undersigned. [ECF No. 26].

For the reasons set forth at the hearing, the Undersigned **ORDERED**[2] the following:

---

[1] Technically speaking, parties cannot file discovery motions, as the discovery procedures order [ECF No. 26] prohibits written discovery motions. Rather, the parties are directed to place the discovery dispute on the Undersigned's discovery calendar if they are unable to resolve the discovery dispute after conferring.

[2] If any party appeals this Order to the District Court by filing objections, then the party will need to order the transcript as it outlines the Undersigned's reasoning.

Concerning possible objections, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir.

(1) Concerning Plaintiff's objections to Defendant Ruben Quetglas' Federal Rule of Civil Procedure 30(b)(6) notice of taking deposition of Plaintiff, the Undersigned issued the following orders concerning the disputed areas of inquiry:

(a) Area 1: This area of inquiry shall be limited to underwriting decisions relating to ambiguities identified by the parties (i.e., the legal liability to participant endorsement and the "excess issue" -- whether the excess policy will drop down if the limit on the primary policy is reduced).

(b) Area 3: This area of inquiry was agreed to when modified as follows: "The authority given to K&K by National Casualty and the identities of the individuals at National Casualty and K&K who were involved in issuing the policies at issue."

(c) Area 4: This area of inquiry was modified as follows: "All non-privileged communications between National Casualty and any retail broker, wholesale broker or managing general agent regarding the Policies, the Association and

---

2013). Pursuant to Federal Rule of Civil Procedure 72(a), which governs objections to a magistrate judge's discovery rulings, the standard of review is "clearly erroneous" or "contrary to law." This is an extremely deferential standard of review, and this "high bar" is "rarely invoked." *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Cox*, 794 F.3d at 1272, n. 92 (citing *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). *See also Hiram Walker & Sons, Inc. v. Kirk Line, R.B.*, 30 F.3d 1370, 1378, n.2 (11th Cir. 1994) (where Judge Dubina, in a concurring opinion, invoked the "dead fish" analogy and described that definition as "the best I have seen").

the Accident -- but only as they relate to the underlying lawsuit and the policies involved."

(d) Area 7: This area of inquiry was modified as follows: "All non-privileged communications between National Casualty and third parties (including but not limited to reinsurers) concerning the Policies, the Association and the Accident -- but only as they relate to the underlying lawsuit and the policies involved."

(e) Areas 8 and 9: Areas 8 and 9 are not objected to as modified -- i.e., changing references to the denial of coverage to issuance of reservation of rights position.

(f) Areas 10 and 11: Defendant shall send Plaintiff a more-specific list of areas of inquiry such that Areas 10 and 11 require interpretation of specific ambiguous or potentially ambiguous primary and excess policy terms.

(g) Area 12: Plaintiff's objection is overruled; Plaintiff shall be prepared to address the area of inquiry as phrased.

(h) Area 13: This area of inquiry was modified as follows: "All non-privileged communications between National Casualty and the Association and/or any of the Defendants regarding the Policies, the Association and the Accident -- but only as they relate to the underlying lawsuit and the policies involved."

(2) Concerning Defendants' requests for production 5 through 10 to Plaintiff, Plaintiff's objections based upon work product privilege are overruled. Plaintiff shall

3

file the six documents on CM/ECF under seal by July 13, 2016. Plaintiff shall produce the six documents to Defendants by July 15, 2016. If Plaintiff objects to this ruling, then it shall file a notice of appeal by July 13, 2016, which will, temporarily, stay the requirement that Plaintiff produce the documents to Defendants.

"Like assertions of attorney-client privilege, the burden is on the party withholding discovery to show that the documents should be afforded work-product immunity." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 (S.D. Fla. 2007). There is a rebuttable presumption "that documents or things prepared before the final decision on an insured's claim are not work product, and that documents produced after claims denial are work product. The presumption may be rebutted 'by specific evidentiary proof of objective facts.' *Id.* at 701 (quoting *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, No. 6:04–CV–1838–Orl–22JGG, 2006 WL 1733857 at *2 (M.D. Fla. June 20, 2006) (internal citations omitted).

The proponent of the privilege here, National Casualty, did not submit any affidavits to support its claim, but, rather, supported its position with only attorney rhetoric stating that the size of claim, in and of itself, triggered the contemplation of litigation. Additionally, none of the individuals involved in the communications at issue are attorneys. After reviewing the documents *in camera* at the hearing, I find that the communications represent the normal business of evaluating a claim, not necessarily the anticipation of litigation, so the work product objection is overruled.

4

Plaintiff must produce the documents in accordance with the instructions above or file an appeal within the specified time.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, July 11, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Hon. Jose E. Martinez
All Counsel of Record